UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CORDELL KEMP,<br><br>    Plaintiff,<br><br>v.<br><br>CAVALRY SPV I, LLC d/b/a CALVARY PORTFOLIO SERVICES, and WEBER & OLCESE, P.L.C,<br><br>    Defendants. | Case No. 1:22-cv-00631 |

## COMPLAINT

**NOW COMES** CORDELL KEMP ("Plaintiff"), by and through his undersigned counsel, complaining of Defendants CAVALRY SPV I, LLC D/B/A CALVARY PORTFOLIO SERVICES ("Cavalry") and WEBER & OLCESE, P.L.C ("W&O")(collectively, "Defendants") as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this action seeking redress for Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*. and Cavalry's violations of the Michigan Consumer Protection Act ("MCPA"), Mich. Comp. Law §§445.901 *et seq*.

## PARTIES

2.     Cordell Kemp is a natural person, over 18-years-of-age, who at all times relevant resided in Battle Creek, Michigan.

3.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

4. Cavalry is a debt collector who maintains its principal place of business in Phoenix, Arizona.

5. Weber & Olcese, P.L.C. maintains its principal place of business in Birmingham, Michigan.

6. W&O is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of W&O's business is the collection of defaulted debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

7. At all times relevant, Defendant Cavalry had a consensual agency relationship with Defendant W&O whereby Cavalry (as the principal) had the right to control and direct the activities of W&O and W&O had the authority to act on behalf of Cavalry. Defendant Cavalry as the principal or W&O is liable for the acts of W&O and its agents.

## FACTUAL ALLEGATIONS

8. At some point in 2019, W&O reached out to Plaintiff attempting to collect an unknown debt allegedly owed to Cavalry for the approximate amount of $3,000 for a Citibank ("Citi") credit card ("alleged debt").

9. Despite Defendants alleging that Plaintiff owes the alleged debt, the only Citi credit card Plaintiff has ever had was a Best Buy credit card, and that card was reporting to the credit agencies as closed and in good standing.

10. Perplexed as to why W&O was calling him, Plaintiff requested more information regarding the alleged debt.

11. W&O attempted to verify Plaintiff's identity; however, the last four digits of the social security number which it referenced were different than Plaintiff's social security number.

12. W&O then informed Plaintiff that it was attempting to collect for Cavalry on a Citi card; Plaintiff then responded by advising that he does not have a Citi card other than the Best Buy credit card that is closed and in good standing.

13. Plaintiff advised W&O that it was contacting the wrong party and believed the issue to be resolved.

14. Unfortunately, W&O has been attempting to serve Plaintiff with paperwork regarding a lawsuit against him.

15. In September 2021, W&O posted a letter on Plaintiff's door stating that it was attempting to serve him with paperwork and that it was going to proceed with legal action.

16. To Plaintiff's surprise, in late October or early November 2021, Plaintiff received a letter in the mail stating that W&O is moving for a default judgment against him in a lawsuit on behalf of Cavalry unless Plaintiff filed a motion by November 16, 2021.

17. Yet again, this notice referenced a social security number that did not belong to Plaintiff.

18. Frustrated with Calvary and W&O's deceptive collection practices, Plaintiff hired counsel to assist with this matter.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
**(Against W&O and Cavalry)**

19. Plaintiff restates and realleges all previous paragraphs of this Complaint as though fully set forth herein.

20. The alleged debt is a "debt" as defined by 15 U.S.C. §1692 a(5) because it allegedly arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

21.　　　Defendants are "debt collectors" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

22.　　　Moreover, Defendants are "debt collectors" because it acquired rights to the alleged debt after it was allegedly in default. 15 U.S.C. §1692a(6).

23.　　　Defendant used the mail to attempt to collect the alleged debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

24.　　　Defendants' communications to Plaintiff were made in connection with the collection of the alleged debt.

25.　　　Defendant violated 15 U.S.C. §§1692e, e(2), e(5), e(10), through its unlawful debt collection practices.

**a. Violations of FDCPA § 1692e**

26.　　　Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation in connection with the collection of any debt." 15 U.S.C. §1692e.

27.　　　Section 1692e(2) of the FDCPA prohibits a debt collector from the "false representation of (a) the character, amount, or legal status of any debt." 15 U.S.C. §1692e(2).

28.　　　Section 1692e(5) of the FDCPA prohibits a debt collector from threatening "to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. §1692e(5).

29.　　　Section 1692e(10) of the FDCPA prohibits a debt collector from "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

30. W&O violated §§1692e and e(2) when it inaccurately believed that Plaintiff owed the alleged debt after being put on notice by Plaintiff that Defendants were attempting to collect the alleged debt from the wrong party.

31. Specifically, Plaintiff had no current balance on any credit card with Citi, so any representation that he did – and that the alleged debt was delinquent - was an inaccurate portrayal of the amount and legal status of the subject debt.

32. W&O violated §§1692e and e(5) when it filed a lawsuit in state court attempting to collect the alleged debt from Plaintiff.

33. Particularly, W&O participated in taking an action that could not legally be taken – the filing of the lawsuit against Plaintiff when Plaintiff was the incorrect party.

34. Since Plaintiff did not owe the subject debt, filing a lawsuit against Plaintiff to was an illegal action.

35. W&O violated §§1692e and e(10) when it failed to cease collection activity against Plaintiff when Plaintiff informed W&O that it was attempting to collect from the wrong party.

**WHEREFORE**, Plaintiff, CORDELL KEMP, respectfully requests a finding:

a. That the practices complained of herein are unlawful and violate the aforementioned statute;
b. Enjoining Defendants from their deceptive practices;
c. Awarding Plaintiff statutory and actual damages for the underlying FDCPA violations;
d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
e. Awarding any other relief as is deemed just and proper.

## COUNT II – VIOLATIONS OF THE MICHIGAN CONSUMER PROTECTION ACT
### (AGAINST W&O AND CAVALRY)

36. Plaintiff restates and realleges all previous paragraphs of this Complaint as though fully set forth herein.

37. Defendants was engaged in "trade or commerce" as defined by the Michigan Consumer Protection Act ("MCPA") because it provided goods or services primarily for "personal, family, or household purposes." Mich. Comp. Law §445.902(1)(g).

38. Pursuant to the MCPA, "unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful." Mich. Comp. Law §445.903(1).

39. Further, the MCPA declares unfair and unconscionable "disparaging the goods, services, business, or reputation of another by false or misleading representation of fact." Mich. Comp. Law §445.903(1)(f).

40. Cavalry violated Mich. Comp. Law §445.903(1)(f) by sending the alleged debt to collections with information regarding the wrong person.

41. Cavalry violated Mich. Comp. Law §445.903(1)(f) by advising W&O that Plaintiff was past due or in default on the alleged debt at the time it placed the alleged debt with W&O for collections.

42. The belief that the alleged debt was in default and owing by Plaintiff led W&O to file a lawsuit against Plaintiff.

43. This lawsuit then caused Plaintiff severe distress and produced a misleading representation of Plaintiff's reputation as portrayed by his public record.

44. Through their deceptive practices, Defendants severely harmed Plaintiff.

45.     Pursuant to Mich. Comp. Law §445.911:

(1) Whether or not a person seeks damages or has adequate remedy ay law, a person may bring an action to. . .
    (a) Obtain a declaratory judgment that a method, act, or practice is unlawful under section 3.
(2) A person who suffers loss as a result of a violation of this act may bring an action to recover actual damages or $250.00, whichever is greater, together with reasonable attorney fees.

Mich. Comp. Law §§445.911(1)(a), (2).

**WHEREFORE**, Plaintiff, CORDELL KEMP, respectfully requests a finding:

a. That the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff Declaratory relief from Defendant;

c. Enjoining Defendants from continuing their unlawful practices;

d. Awarding Plaintiff damages equal to his actual damages or $250.00, whichever is greater;

e. Awarding Plaintiff reasonable attorney fees as provided under Mich. Comp. Law §445.911(2); and

f. Awarding any other relief as is deemed just and proper.

Dated: July 11, 2022                                            Respectfully Submitted,

                                                                **CORDELL KEMP**

                                                                By: /s/ Mohammed O. Badwan, Esq.
                                                                Mohammed O. Badwan, Esq.
                                                                Marwan R. Daher, Esq.
                                                                Sulaiman Law Group, Ltd
                                                                2500 S Highland Ave, Suite 200
                                                                Lombard, IL 60148
                                                                Telephone: (630) 575-8180
                                                                mbadwan@sulaimanlaw.com
                                                                mdaher@sulaimanlaw.com
                                                                *Counsel for Plaintiff*